IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 25-cv-00866-PAB-KAS

RICKY LEE HUDSON, JR.,

Plaintiff,

v.

HAYDEN VIGEURIA, Deputy 22-48,

Defendant.

---

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**

---

This matter is before the Court on the Order and Recommendation of Magistrate Judge [Docket No. 48]. The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the parties. Docket No. 48 at 20-21; *see also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on August 27, 2026. No party has objected to the Recommendation.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In this matter, the Court has reviewed the Recommendation

to satisfy itself that there is "no clear error on the face of the record."[1] Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that the Recommendation is a correct application of the facts and the law. Accordingly, it is

**ORDERED** that the Order and Recommendation of Magistrate Judge [Docket No. 48] is **ACCEPTED**. It is further

**ORDERED** that defendant's Motion to Dismiss [Docket No. 37] is **GRANTED**. It is further

**ORDERED** that plaintiff's claims are **DISMISSED without prejudice**, pursuant to Federal Rule of Civil Procedure 41(b) and D.C.COLO.LCivR 41.1. It is further

**ORDERED** that this case is closed.

DATED September 15, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

[1] This standard of review is something less than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).